## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| **HASHIM NZINGA** | * |  |
|  | * |  |
| **Plaintiff,** | * | **Civil Action No.:** |
| **v.** | * |  |
|  | * |  |
| **DETECTIVE P. L CHRISTY,** | * |  |
| **individually, and DEKALB** | * |  |
| **COUNTY GEORGIA** | * |  |
|  | * |  |
| **Defendants.** | * |  |
|  | * |  |

## COMPLAINT FOR DAMAGES

COMES NOW Hashim Nzinga ("Plaintiff"), and hereby makes and files this Complaint for Damages against P.L Christy, individually and Dekalb County Georgia ("Defendants"), by showing this Honorable Court the following:

## INTRODUCTION

### 1.

This is a civil action asserting claims under Federal and State law arising from the unlawful arrest, detention and malicious prosecution of Mr. Hashim Nzinga caused by the willful and wrongful acts of the Defendants. Mr. Nzinga demands a jury trial and seeks an award of economic, compensatory, and punitive

damages, as well as an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PARTIES, JURISDICTION AND VENUE

### 2.

This Court has original jurisdiction over Mr. Nzinga's federal civil rights claims and may exercise supplemental jurisdiction over Nzinga's state law claims. 28 U.S.C. §§ 1331 and 1343.

### 3.

Venue is proper in the Northern District of Georgia – Atlanta Division as at least one of the defendants resides in DeKalb County, Georgia   28 U.S.C. § 1391.

### 4.

Plaintiff Nzinga is a citizen of the State of Georgia residing in Gwinnett County.

### 5.

DeKalb County, Georgia is organized pursuant to the Georgia Constitution and is subject to the jurisdiction of this Court. DeKalb County may be served with summons and process by and through  Lee May, DeKalb County Interim Chief

Executive Officer, DeKalb County Administration, 1300 Commerce Drive, 6th Floor, Decatur, GA 30030.

6.

DeKalb County is acting pursuant to its governmental authority and operates the DeKalb County Police Department (hereinafter "DCSD")

7.

Upon information and belief, the DeKalb County Board of Commissioners delegated final policy making authority to the Chief of Police for DeKalb County over law enforcement activities within the county limits of DeKalb County, Georgia.

## **FACTUAL ALLEGATIONS**

8.

On March 5, 2012, Hashim Nzinga's son, Steve Washington pawned handgun at the Stone Mountain Pawn Shop located at 4591 Rockbridge Road, Decatur, GA 30083.

9.

Mr. Hashim Nzinga owned a FN Herstal 5.7 x 28 handgun.

3

10.

Mr. Nzinga pled guilty to deposit account fraud on February 8, 2012.

11.

Said plea resulted in Mr. Nzinga becoming a convicted felon.

12.

The probation department did not instruct Mr. Nzinga on how to properly dispose of his firearm.

13.

The DeKalb County Pawn Unit ran a criminal history background check that showed Mr. Nzinga's previous felony conviction for deposit account fraud.

14.

On March 15, 2012, pawn shop employee, Lewis Guzman, identified Mr. Nzinga as being present when the firearm in question was pawned.

15.

That same day, Detective P.L Christy of the DeKalb County Police Department obtained a warrant for Mr. Nzinga's arrest on the charge of possession of a firearm by a convicted felon.

16.

On March 26, 2012, Mr. Nzinga was arrested by the DeKalb County Police Department's Department on the outstanding warrant. Exhibit A.

17.

He was subsequently incarcerated at the DeKalb County Jail and was later transferred to the Gwinnett County Jail due to the arrest causing a violation of his previous probation conditions.

18.

On July 2, 2012, the Honorable Judge Karen E. Byers of the Gwinnett County Superior Court ordered that a bond be set and that Mr. Nzinga be allowed to post bond and be released.

19.

Mr. Nzinga posted bond and was released from the Gwinnett County Jail.

20.

On August 19, 2013, the Honorable Judge Tangela Barrie of the DeKalb County Superior Court ordered that the charge against Mr. Nzinga for possession of a firearm by a convicted felon be Nolle Prossed because there was insufficient evidence to prove the element of intent. Exhibit B.

21.

Prior to securing the arrest warrant for Mr. Nzinga, Detective Christy swore under oath to facts he knew to be misleading to obtain a warrant from Judge A.C. Harvey of the DeKalb County Magistrate Court.

22.

Detective Christy failed to disclose pertinent facts to Judge Harvey which would have shown his lacked probable cause to arrest Mr. Nzinga for unlawfully possessing a firearm as sworn by Detective Christy in the arrest warrant.

23.

Prior to securing the warrant, there were constant communication between Detective Christy of the DeKalb County Police Department, the Department of Homeland Security and Gwinnett County Probation Office where Mr. Nzinga was on probation for his felony charge.

24.

When Detective Christy swore under oath to Mr. Nzinga unlawfully possessing a firearm, Detective Christy was aware that Mr. Nzinga recently entered a guilty plea in Gwinnett Superior Court and had not reported to his first meeting with Gwinnett County Probation Office.

25.

The evidence showed that Mr. Nzinga was not aware of the proper procedure for turning in a weapon owned prior to a felony conviction as he did not meet with his probation officer.

26.

Additionally, Detective Christy knew that Mr. Nzinga never physically handled the weapon but was under surveillance by the Department of Homeland Security.

27.

More importantly, Detective Christy was informed that the weapon was presented to the pawn shop by his son and Mr. Nzinga was merely required to sign the document because the weapon was registered in his name.

28.

No reasonably prudent law enforcement officer would have believed that arguable probable cause, much less probable cause, existed to seek the arrest warrant for Mr. Nzinga based upon the information he obtained during his investigation and communication with Gwinnett County Probation Office.

29.

Nzinga was actively prosecuted until August 19, 2013 when the State of Georgia dismissed their case for insufficient evidence.

30.

Judge Berrie ordered the case dismissed as there was no evidence that Mr. Nzinga unlawfully possessed a firearm.

31.

For 510 days, Mr. Nzinga suffered the anxiety, stress, and humiliation of facing prosecution for crime he did not commit.

**COUNT I**
**FOURTH AMENDMENT – 42 U.S.C. §1983**
**(FALSE ARREST)**

32.

Plaintiff re-alleges and incorporates Paragraphs 1 through 31 as fully set forth herein.

33.

At all times relevant to this action, Detective Christy was acting under color of state law and within the scope of his discretionary functions as an employee of the DeKalb County Police Department

8

34.

Based upon his prior experience, knowledge and training as a law enforcement officer, Detective Christy knew that no arguable probable cause, much less probable cause, existed to swear out an arrest warrant alleging that Mr. Nzinga unlawfully possessed a firearm on March 5, 2012.

35.

Under the facts and circumstances alleged herein, an objectively reasonable law enforcement officer in Detective Christy's position would have known that no arguable probable cause existed to support issuance of an arrest warrant for Mr. Nzinga.

36.

At all times relevant to this action, the law was established with obvious clarity that Detective Christy's actions as fully set forth herein violated Mr. Nzinga's Fourth Amendment rights.

37.

As a direct and proximate cause of Detective Christy's unlawful actions, Mr. Nzinga was seized and detained against his will and thereby suffered a loss of liberty in violation of his rights under the Fourth Amendment to the United States Constitution, entitling him to an award of actual and

compensatory damages in  an amount to be determined by the enlightened conscience of the jury.

38.

Detective Christy's actions were willful, deliberate, and malicious, thereby entitling  Mr. Nzinga to an award of punitive  damages in an amount to be determined by the enlightened conscience of the jury

**COUNT II**
**FOURTH AMENDMENT – 42 U.S.C. § 1983**
**(MALICIOUS PROSECUTION)**

39.

Plaintiff re-alleges and incorporates Paragraphs 1 through 38 as fully set forth herein.

40.

At all times relevant to this action, Detective Christy was acting under color of state law and within the scope of his discretionary functions as employee of DeKalb County.

41.

Mr. Nzinga's criminal prosecution was instituted by the issuance of a facially valid warrant by the Magistrate Court of DeKalb County.

42.

Mr. Nzinga was seized and detained against his will pursuant to a facially valid warrant secured by Detective Christy with malice and without probable cause.

43.

Mr. Nzinga's criminal prosecution terminated in his favor when, upon motion by the State of Georgia, a DeKalb County Superior Court judge entered an order dismissing the indictment against Mr. Nzinga with prejudice, expunging Mr. Nzinga's arrest and finding that "[t]here is insufficient evidence to prove the element of intent."

44.

Detective Christy knowingly and willfully instituted and maintained a criminal prosecution against Mr. Nzinga with malice and without probable cause.

45.

Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

46.

At all times relevant to this action, the law was established with obvious clarity that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

47.

As a direct and proximate result of Detective Christy's unlawful actions, Mr. Nzinga was seized and detained against his will and subjected to criminal prosecution in violation of his rights under the Fourth Amendments to the United States Constitution.

48.

As a direct and proximate cause of the Detective Christy's unlawful actions, Mr. Nzinga has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

49.

As a direct and proximate cause of the Detective Christy's unlawful actions, Mr. Nzinga has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of

compensatory damages in an amount to be determined by the enlightened conscience of the jury.

50.

Detective Christy acted willfully, deliberately, and maliciously, thereby entitling Mr. Nzinga to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## <u>COUNT III</u>
## <u>FOURTH AMENDMENT – 42 U.S.C. § 1983</u>
## (<u>MONELL LIABILITY</u>)

51.

Plaintiff re-alleges and incorporates Paragraphs 1 through 50 as fully set forth herein.

52.

The County delegated final policy making authority to the Chief of Police to implement policies, customs and procedures within the DeKalb County Police Department designed to ensure that the County's law enforcement activities were conducted in a manner that comported with clearly established constitutional law relating to proper investigation of criminal activity and issuance of arrest warrants based upon probable cause.

53.

The Chief of Police for DeKalb County, as a final policy maker for the County, maintained a custom of tolerating constitutionally deficient investigations by police officers and detectives in the DeKalb County Police Department. Pursuant to this custom, police officers and detectives ignored rudimentary principles of criminal investigation including, but not limited to:  (a) failing to identify objective evidence tending to increase or decrease the likelihood  that  a particular  citizen  should  be considered as a potential  suspect; (b) failing  to consider the presence or absence of corroborating  evidence in reaching a probable cause determination; and (c) failing  to conduct a thorough investigation  that considers alternative theories other than the possible guilt of a potential suspect prior to seeking an arrest warrant.

54.

DeKalb's maintenance of the customs identified in Paragraph 53 herein was the moving force behind the constitutional violations committed by Defendant Detective Christy as specifically set forth in Count I and II of this Complaint.

55.

The Chief of Police for DeKalb County, as a final policy maker for the County, explicitly approved Detective Christy decision to secure arrest warrants

for Mr. Nzinga on March 15, 2012, as well as the constitutionally deficient basis for pursuing the arrest warrants.

56.

The Chief of Police of DeKalb County's actions specifically related to the prosecution of Mr. Nzinga were the moving force behind the constitutional violations committed by Detective Christy as specifically set forth in Count I and II of this Complaint.

57.

Following Mr. Nzinga's arrest, the Chief of Police of DeKalb County became aware of the constitutional violations committed by Detective Christy in his investigation and prosecution of Mr. Nzinga and ratified his actions; therefore, DeKalb is liable for the injuries caused to Mr. Nzinga by the actions of Defendant Detective Christy.

58.

As a direct and proximate cause of the County's customs, Mr. Nzinga has and will continue  to  incur economic damages including  lost  wages, loss  of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

15

59.

As a direct and proximate cause of the County's customs, Mr. Nzinga has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT IV
## FALSE ARREST – O.C.G.A. § 51-7-1

60.

Plaintiff re-alleges and incorporates Paragraphs 1 through 59 as fully set forth herein.

61.

The wrongful acts and omissions of Detective Christy complained of herein were performed in the scope of his employment with the DeKalb County Police Department and on behalf of the County.

62.

The acts and omissions of Detective Christy set forth herein caused the illegal arrest, detention and prosecution of Mr. Nzinga with malice and without probable cause.

63.

As a direct and proximate cause of Detective Christy's unlawful actions, Mr. Nzinga has and will continue to incur economic damages including lost wages, loss of economic opportunities, as well as other economic damages in an exact amount to be proven at trial.

64.

As a direct and proximate cause of Detective Christy's unlawful actions, Mr. Nzinga has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

65.

Detective Christy acted willfully, deliberately and maliciously, thereby entitling Mr. Nzinga to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT V
## MALICIOUS PROSECUTION – O.C.G.A. § 51-7-3

66.

Plaintiff re-alleges and incorporates Paragraphs 1 through 65 as fully set forth herein.

67.

The wrongful acts and omissions of Detective Christy complained of herein were performed in the scope of his employment with DeKalb County Police Department and on behalf of the County.

68.

The acts and omissions of Detective Christy set forth herein caused the illegal arrest, detention and prosecution of Mr. Nzinga with malice and without probable cause.

69.

The prosecution terminated in Mr. Nzinga's favor on August 19, 2013.

70.

As a direct and proximate cause of Detective Christy's unlawful actions, Mr. Nzinga has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

71.

As a direct and proximate cause of Detective Christy's unlawful actions, Mr. Nzinga has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages

in an amount to be determined by the enlightened conscience of the jury.

72.

Detective Christy acted willfully, deliberately and maliciously, thereby entitling Mr. Nzinga to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT VI**
**FIRST AMENDMENT – 42 U.S.C. § 1983**
**(RETALIATORY ARREST)**

73.

Plaintiff re-alleges and incorporates Paragraphs 1 through 72 as fully set forth herein

74.

At all times relevant to this action, the Chief of Police for DeKalb County with final policy making authority and was acting under color of law and within the scope of his discretionary functions.

75.

At all times relevant to this action, Detective Christy was acting under color of law and within the scope of his discretionary functions as an employee of DeKalb County.

76.

Mr. Nzinga engaged in constitutionally protected speech when he openly advocated for the citizen's arrest of George Zimmerman after the shooting of Trayvon Martin.

77.

Mr. Nzinga has been under surveillance by the Department of Homeland Security for his constitutionally protected right to freely associate with the New Black Panther Party.

78.

As fully described herein, Defendants retaliated against Mr. Nzinga for engaging in constitutionally protected speech by unlawfully securing an arrest warrant for the charge of possession of a firearm by a convicted felon without probable cause, arresting him, maliciously prosecuting him and confining him all in an effort to quell his first amendment rights.

79.

A reasonable officer in the Defendants' positions would have known that retaliating against a private citizen for engaging in constitutionally protected speech and association with the New Black Panther Party violated the First Amendment of the United States Constitution.

80.

At all times relevant to this action, the law was established with obvious clarity that retaliating against a private citizen for engaging in constitutionally protected speech violated the First Amendment of the United States Constitution.

81.

As a direct and proximate result of the Defendants' retaliatory arrest, Mr. Nzinga was seized and detained against his will in violation of his rights under the First and Fourteenth Amendments of the United States Constitution.

82.

As a direct and proximate result of the Defendants' unlawful actions, Mr. Nzinga incurred compensatory damages for pain, suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of reputation, and other elements thereof in an amount to be determined by the enlightened conscience of the jury.

83.

The Defendants' actions were done willfully, deliberately, and maliciously, thereby entitling Mr. Nzinga to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE**, Mr. Nzinga respectfully requests the following relief:

A)     That special damages be awarded to compensate the Plaintiff for his

economic injuries as a consequence of the Defendants' violations of his rights in an amount to be determined by the enlightened conscious of the jury;

B)   That compensatory damages be awarded against each of the Defendants individually to compensate the Plaintiff for his pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of the Defendants' actions in an amount to be determined by the enlightened conscious of the jury;

C)   That punitive damages be awarded against the individual Defendants only in an

amount to be determined by the enlighten conscious of the jury to deter them and others from similar misconduct in the future;

D)    That a trial by jury be had on all issues wherein a jury trial is permitted under law;

E)   That attorney's fees and expenses of litigation be awarded as authorized under 42 U.S.C. §1988;

F)   That prejudgment interest be awarded; and,

G)   That the Court award such other relief as the Court deems just and proper.

This 12th day of August, 2015

Respectfully submitted,

/s/ Mawuli Mel Davis_____
MAWULI M. DAVIS
Georgia Bar No. 212029
ROBERT O. BOZEMAN
Georgia Bar No. 073561
*Attorneys for Plaintiff*

THE DAVIS BOZEMAN LAW FIRM, P.C.
4153 – C Flat Shoals Parkway – Suite 332
Decatur, Georgia 30034
(404) 244-2004
(404) 244-2020 (Fax)
mdavis@davisbozemanlaw.com
rbozeman@davisbozemanlaw.com