# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HASHIM NZINGA,** <br><br>  Plaintiff, <br><br> **v.** <br><br> **DETECTIVE P. L. CHRISTY, individually and DEKALB COUNTY, GEORGIA,** <br><br>  Defendants. <br> _____ | CIVIL ACTION FILE NO. <br> 1:15-CV-02865-WSD |

## DEFENDANTS' INITIAL DISCLOSURES

COME NOW **Defendants DeKalb County and Detective P. L. Christy** (hereafter "Defendants") in the above-styled action, and file their Initial Disclosures as follows:

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not Applicable.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendants have not identified any other necessary parties, but reserve the right to add such party or parties as they become known.

**(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

In or around March of 2012, the DeKalb County Police Department ("DKPD") received a report from Stone Mountain Pawn Shop (located at 4591 Rockbridge Road, Stone Mountain, GA 30088) indicating Plaintiff Hashim Nzinga had pawned a handgun there.  DKPD conducted a criminal history check on Mr. Nzinga and determined that he was a convicted felon and that thusly he was prohibited from possessing a firearm under Georgia law.  Defendant P.L. Christy, who is a DKPD police detective, investigated this matter.  Det. Christy obtained Gwinnett County Superior Court records that confirmed Mr. Nzinga was convicted of a felony in February of 2012.  Lewis Guzman, who worked at the Stone Mountain Pawn Shop, verified Mr. Nzinga had pawned the gun there and turned over the handgun to Det. Christy and DKPD to be placed in evidence.  On or about March 15, 2012, Det. Christy swore out an arrest warrant for Mr. Nzinga that charged him with the possession of a firearm by a convicted felon.  Thereafter, Mr.

Nzinga was arrested by a deputy with the DeKalb County Sheriff's Office and transported to the DeKalb County jail.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Qualified immunity; sovereign immunity; official immunity; 42 U.S.C. § 1983 and interpretive case law; Harlow v. Fitzgerald, 457 U.S. 800 (1982); Pearson v. Callahan, 555 U.S. 223 (2009); Saucier v. Katz, 533 U.S. 194 (2001); Hope v. Pelzer, 536 U.S. 730 (2002); Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004); Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005); Shepard v. Hallandale Beach Police Dept., 398 Fed. Appx. 480 (11th Cir. 2010); U.S. v. Holloway, 290 F.3d 1131, 1337 (11th Cir. 2002); Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005); Belcher v. City of Foley, Ala., 30 F.3d 1390 (11th Cir. 1994); Wood v. Kessler, 323 F.3d 872 (11th Cir.2003); U.S. v. Floyd, 281 F.3d 1346 (11th Cir.2002); Anderson v. Creighton, 483 U.S. 635 (1987); Skop v. City of Atlanta, Ga., 485 F.3d 1130 (11th Cir. 2007).

Monell v. N. Y. Dept. of Social Services, 436 U.S. 658 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378 (1989); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998); Board of Comm'rs of Bryan County v. Brown, 520

U.S. 397 (1997); Case v. Eslinger, 555 F.3d 1317 (11th Cir. 2009); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112 (1988); Gilbert v. Richardson, 264 Ga. 744 (1994); Toombs County, Georgia v. O'Neal, 254 Ga. 390 (1985); Holloway v. Dougherty County School System, 157 Ga.App. 251 (1981); Early County v. Fincher, 184 Ga.App. 47 (1987); Carter v. Glenn, 249 Ga. App. 414 (2001); Anderson v. Creighton, 483 U.S. 653 (1987); Merrow v. Hawkins, 266 Ga. 390, 392 (1996); O.C.G.A. § 36-11-1, et seq.

Defendants reserve the right to supplement their response and to assert additional statutes, codes, regulations, legal principles and illustrative case law as allowed by the Federal Rules of Civil Procedure.

**(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment "A", which is attached hereto.  Defendants reserve the right to name such other individuals who may have discoverable information to the extent that any others are identified during the course of this litigation as allowed by the Federal Rules of Civil Procedure.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of**

4

**Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendants have not made a determination about using an expert witness at trial in this action.  In the event Defendants decide to use an expert at a later time, Defendants reserve the right to name such an expert and to supplement their response as allowed by the Federal Rules of Civil Procedure.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations, or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment "C", which is attached hereto.  Defendants reserve the right to amend their response to the extent other documents become known.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not Applicable.

**(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the**

5

**full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendants have not identified any other potentially liable persons or legal entities, but reserve the right to add such persons or legal entities as they become known.

**(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Not Applicable.

Respectfully submitted this 8th day of October 2015.[1]

>   LAURA K. JOHNSON
>   DEPUTY COUNTY ATTORNEY
>   Georgia Bar No. 392090
>
>   */s/ Brenda A. Raspberry*
>   BRENDA A. RASPBERRY
>   SENIOR ASSISTANT COUNTY ATTORNEY
>   Georgia Bar No. 595130

---

[1] This is to further certify that the foregoing document was prepared using 14 pt Times New Roman font.

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Brenda A. Raspberry
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011 (phone)
(404) 371-3024 (fax)
baraspberry@dekalbcountyga.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HASHIM NZINGA,** | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 1:15-CV-02865-WSD |
| **DETECTIVE P. L. CHRISTY, individually and DEKALB COUNTY, GEORGIA,** | |
| Defendants. | |
| _____ | |

## **CERTIFICATE OF SERVICE**

This is to certify that on October 8, 2015 I electronically filed the foregoing **Defendants' Initial Disclosures** with the clerk of court using the CM/ECF system which will automatically send e-mail notification of such filing to counsel of record:

>Mawuli Mel Davis, Esq.
>Robert O. Bozeman, Esq.
>The Davis Bozeman Law Firm, P.C.
>4153- C Flat Shoals Parkway, Suite 332
>Decatur, GA 30034
>mdavis@davisbozemanlaw.com
>rbozeman@davisbozemanlaw.com

8

*/s/ Brenda A. Raspberry*
Brenda A. Raspberry
Senior Assistant County Attorney
Georgia Bar No. 595130

## ATTACHMENT A
## Defendants' List of Witnesses

Defendant Detective P. L. Christy – contact through Defendants' counsel

Sgt. D. R. Brignone – DeKalb County Police Department– involved in investigating subject incident – contact through Defendants' counsel

R. Scandrett – investigator with DeKalb Sheriff's Office – involved in executing arrest warrant and taking Plaintiff into custody

V. R. Tucker – DeKalb County Police Department– involved in investigating subject incident – contact through Defendants' counsel

Sgt. Crowe – DeKalb County Police Department– involved in investigating subject incident – contact through Defendants' counsel

Lewis Guzman – owner of pawn shop related to Plaintiff's arrest – Stone Mountain Pawn Shop, 4591 Rockbridge Road, Stone Mountain, GA 30088

Interim Police Chief James Conroy – DeKalb County Police Department – contact through counsel

Plaintiff Hashim Nzinga

All witnesses listed on Plaintiff's Initial Disclosures

## ATTACHMENT C
### Defendants' List of Documents

Police Incident Report No. 12-027939, supplemental reports and any other records and documents regarding the arrest of Plaintiff

Records from DeKalb Police Dept.'s Criminal Investigations Division related to the subject incident

Records from the DeKalb County Sheriff's Office related to Plaintiff's arrest and incarceration at the DeKalb County Jail

DeKalb County Police Department's Employee Manual, policies and directives.